HERRICK, FEINSTEIN LLP
Paul Rubin
prubin@herrick.com
John M. August
jaugust@herrick.com
2 Park Avenue
New York, New York 10016
Telephone (212) 592-1400
Attorneys for Canon Business Solutions, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| BEARINGPOINT, INC., et al., | Case No. 09-10691 (REG) |
| Debtors. | (Jointly Administered) |
| JOHN DeGROOTE SERVICES, LLC | Adversary No. 10-03269 (REG) |
| Plaintiff, | |
| v. | |
| CANON BUSINESS SOLUTIONS, INC., | |
| Defendant. | |

**ANSWER AND SEPARATE DEFENSES OF**
**CANON BUSINESS SOLUTIONS, INC.**

Defendant Canon Business Solutions, Inc. ("Canon"), by and through its

attorneys Herrick, Feinstein LLP, as and for its Answer and Separate Defenses to the

Amended Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C.

§§ 547 and 550 (the "Complaint"), filed by plaintiff John DeGroote Services, LLC, in its

capacity as Liquidating Trustee of the BearingPoint, Inc. Liquidating Trust ("Plaintiff"),

responds as follows:

## AS TO JURISDICTION AND VENUE

1.    The allegations contained in paragraph 1 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Canon admits the allegations contained in paragraph 1 of the Complaint.

2.    The allegations contained in paragraph 2 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Canon admits that the Court has jurisdiction, but denies that it received any preferential transfers.

3.    The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Canon admits the allegations contained in paragraph 3 of the Complaint.

4.    The allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Canon admits that this is a core proceeding, but denies that it received any preferential transfers.

## AS TO PARTIES

5.    Canon admits the allegations contained in paragraph 5 of the Complaint.

6.    Canon admits upon information and belief the allegations contained in paragraph 6 of the Complaint.

7.    Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 7 of the Complaint, and therefore leaves Plaintiff to its proofs.

8.     Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 8 of the Complaint, and therefore leaves Plaintiff to its proofs.

9.     Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the Complaint, and therefore leaves Plaintiff to its proofs.

10.     Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 10 of the Complaint, and therefore leaves Plaintiff to its proofs.

11.     Canon denies the allegations contained in paragraph 11 of the Complaint, except to admit that: (i) Canon is a corporation organized under the laws of the State of New York with a principal place of business at 4 Ohio Drive, Lake Success, New York 11042; (ii) Canon provided services to the Debtors; (iii) Canon was served by certified mail addressed to Yoroku Adachi, President and Chief Executive Officer of Canon U.S.A., Inc.; and (iv) Canon's registered agent is CT Corporation, 111 8th Avenue, New York, New York 10011.

## AS TO COUNT I

12.     Canon repeats, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13.     Canon denies the allegations contained in paragraph 13 of the Complaint, except to admit that Canon received certain transfers within 90 days before the filing of the petition.

14. Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 14 of the Complaint, and therefore leaves Plaintiff to its proofs.

15. Canon admits the allegations contained in paragraph 15 of the Complaint.

16. Canon denies the allegations contained in paragraph 16 of the Complaint, except to admit that: (i) Canon received certain payments from certain of the Debtors on account of certain obligations owing to Canon; and (ii) a Copier and Fleet Equipment and Maintenance Agreement was rejected.

17. Canon denies the allegations contained in paragraph 17 of the Complaint, except to admit that Canon received certain payments from certain of the Debtors on account of certain obligations owing to Canon.

18. Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 18 of the Complaint, and therefore leaves Plaintiff to its proofs.

19. Canon is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph 19 of the Complaint, and therefore leaves Plaintiff to its proofs.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Canon denies the allegations contained in paragraph 20 of the Complaint.

21. Canon denies the allegations contained in paragraph 21 of the Complaint, except to state that Canon did not receive any preferential transfers.

## AS TO COUNT II

22.     Canon repeats, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23.     The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent a response is required, Canon denies the allegations contained in paragraph 23 of the Complaint.

## GENERAL DENIAL

Canon denies each and every allegation of the Complaint not hereinabove expressly admitted, and further denies that Plaintiff is entitled to any relief or recovery whatsoever from Canon.

## DEFENSES

Canon, as and for its defenses to the allegations of the Complaint, states as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## THIRD DEFENSE

The Transfers identified in the Complaint were not made within ninety (90) days of the filing of the petition.

## FOURTH DEFENSE

The Transfers alleged in the Complaint (a) were intended by certain of the

Debtors and Canon to be contemporaneous exchanges for new value given to certain of the Debtors; and (b) were, in fact, contemporaneous exchanges for new value given to certain of the Debtors.  As such, the relief sought in the Complaint is barred pursuant to 11 U.S.C. § 547(c)(1).

### FIFTH DEFENSE

The transfers alleged in the Complaint were in payment of debts incurred by the certain of the Debtors in the ordinary course of business or financial affairs of certain of the Debtors and Canon and: (a) were made in the ordinary course of business or financial affairs of certain of the Debtors and Canon; or (b) were made according to ordinary business terms.  As such, the relief sought in the Complaint is barred pursuant to 11 U.S.C. §547(c)(2).

### SIXTH DEFENSE

Following the transfers alleged in the Complaint, Canon gave new value to or for the benefit of certain of the Debtors which was not secured by an otherwise unavoidable security interest, and on account of which certain of the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Canon.  As such, the relief sought in the Complaint is barred pursuant to 11 U.S.C. § 547(c)(4).

### SEVENTH DEFENSE

Canon took the transfers at issue in the Complaint for value, in good faith and without knowledge of the avoidability of such transfers (if any), all within the meaning of 11 U.S.C. § 550(b).

### EIGHTH DEFENSE

Canon is entitled to an equitable credit for the new value it provided to the Debtors' estates post-petition.

**NINTH DEFENSE**

There is no legal or equitable basis upon which the Plaintiff can seek the recovery of prejudgment interest, attorneys' fees and costs in this action. Accordingly, the Plaintiff's request for such relief should be stricken.

**TENTH DEFENSE**

Canon's unsecured claim should not be disallowed under Bankruptcy Code § 502(d). A claim may not be disallowed under § 502(d) unless the creditor holding the claim has first been adjudged liable for receipt of an avoidable transfer.

**ELEVENTH DEFENSE**

Canon reserves all rights of set-off and/or recoupment to the fullest extent possible.

**WHEREFORE**, Canon demands judgment dismissing the Complaint with prejudice, together with costs, expenses, and such other relief as the Court may deem just and proper.

HERRICK, FEINSTEIN LLP


By: /s/ Paul Rubin
Paul Rubin
prubin@herrick.com
John M. August
jaugust@herrick.com
Herrick, Feinstein LLP
2 Park Avenue
New York, New York 10016
Telephone (212) 592-1400

Dated New York, New York          Attorneys for Canon Business Solutions, Inc.
    August 2, 2010

HF 5974194v.2 #14108/0001