UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
<u>In</u> <u>re</u>                                          :     **Chapter 11 Case No.**
                                                             :
**BEARINGPOINT, INC., <u>et</u> <u>al.</u>,**                :     **09 - 10691 (REG)**
                                                             :
Debtors.                                                     :     **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x
                                                             :
**JOHN DeGROOTE SERVICES, LLC,**                             :
    Plaintiff                            :
                                                             :
vs.                                                          :     **Adversary No. 10-03269 (REG)**
                                                             :
**CANON BUSINESS SOLUTIONS, INC.**                           :
    Defendant.                           :
-------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING
COMPLAINT FILED BY THE BEARINGPOINT, INC. LIQUIDATING TRUSTEE
AGAINST CANON BUSINESS SOLUTIONS, INC.**

    Canon Business Solutions, Inc. ("***Canon***") and John DeGroote Services LLC (the "***Liquidating Trustee***"), the Liquidating Trustee to the BearingPoint, Inc. Liquidating Trust (the "***Liquidating Trust***") on behalf of BearingPoint, Inc. ("***BearingPoint***") and, together with Canon, (the "***Parties***"), by their undersigned attorneys, respectfully submit this stipulation and agreed order (the "***Stipulation***").

    **RECITALS**

    A.    BearingPoint and Canon were parties to a Copier and Fleet Equipment Maintenance Agreement, dated August 8, 2006 (the "***Copier Agreement***")

    B.    On February 18, 2009 (the "***Petition Date***"), BearingPoint and certain of its affiliated subsidiaries (collectively with BearingPoint, the "***Debtors***") filed voluntary petitions

for relief under Title 11, United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), jointly administered under Case No. 09-10691 (REG).

C. By Order entered December 22, 2009, the Bankruptcy Court confirmed the Debtors' Modified Second Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated December 17, 2009 (the "**Plan**"). The Plan has become effective by its terms.

D. Pursuant to Article 5.7 of the Plan, a "Liquidating Trust" was created pursuant to the Liquidating Trust Agreement ("**Trust Agreement**"). Pursuant to the Trust Agreement and the Plan, John DeGroote Services, LLC was appointed Liquidating Trustee of the Liquidating Trust. Pursuant to Article 5.7 of the Plan, the Debtors' avoidance actions under Chapter 5 of the Bankruptcy Code were transferred to the Liquidating Trust. Pursuant to Section 1123(b)(3) of the Bankruptcy Code, the Trustee is authorized to enforce, prosecute, settle or compromise any and all such claims. Accordingly, the Liquidating Trust owns, and the Liquidating Trustee is entitled to prosecute, the claims asserted in this lawsuit.

E. Canon filed proof of claim no. 758 (the "**758 Claim**"), asserting a general unsecured claim in the amount of $191,475.54 and proof of claim no. 1137 (the "**1137 Claim**"), asserting a general unsecured claim in the amount of $1,190,418.42.

F. On May 28, 2010, the Liquidating Trustee filed his *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550* (as amended, the "**Complaint**"). The Liquidating Trustee alleges that, during the 90 days prior to the Petition Date, Canon received payments totaling $1,197,191, which the Liquidating Trustee claims constitute avoidable transfers under chapter 5 of the Bankruptcy Code (the "**90 Day Payments**").

G. On December 30, 2010, the Liquidating Trustee filed objections to the 758 Claim and the 1137 Claim.

H. On February 23, 2011, the Parties held a successful mediation before Ira Herman, Esq. of Thompson & Knight, LLP, a member of this Court's panel of mediators. Based upon the Parties' negotiations, and as further described below, the Parties have agreed upon certain conditions and an amount payable by Canon to the Liquidating Trust that resolves the Complaint and serves as a global settlement between the Liquidating Trustee and Canon.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by the Parties that:

1. Each of the above recitals is incorporated herein as though they were fully set forth at length.

2. Each of the undersigned attorneys represents and warrants that he has all necessary authority to enter into this Stipulation on behalf of the Party indicated.

3. Within 10 business days of the date the Bankruptcy Court's order approving this Stipulation becomes final and non-appealable (the "*Payment Deadline*"), Canon shall pay to the Liquidating Trust by wire transfer or check a settlement payment totaling $165,000 (the "*Settlement Payment*") and withdraw any and all claims filed against the estate, including without limitation the 758 Claim and the 1137 Claim; provided, however, that if Canon elects to pay by check, it shall mail the check by certified mail, so as to be received on or before the Payment Deadline, to:

BearingPoint Liquidating Trust
Attn: Matt Mastin
270 Peachtree St, Suite 800
Atlanta, GA 30303

4. Except for the rights specifically enumerated herein, Canon forever releases and discharges the Debtors, the Liquidating Trustee, and the Liquidating Trust from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on or prior to the date of this Agreement, including claims specifically related to the Copier Agreement, the 90 Day Payments, the 758 Claim or the 1137 Claim, that Canon now has or may have had, or thereafter claims to have on behalf of itself, or any other person or entity.

5. Upon the Liquidating Trust's receipt of the Settlement Payment, the Liquidating Trustee and the Liquidating Trust shall dismiss the Complaint with prejudice and agree not to bring any future proceedings against Canon, except in the event Canon breaches this Agreement.

6. Upon the Liquidating Trust's receipt of the Settlement Payment, and except for the rights specifically enumerated herein, the Debtors, the Liquidating Trust and the Liquidating Trustee forever release and discharge Canon from any and all actions, suits, judgments, claims, demands, damages, attorneys' fees, causes of action, including without limitation any claim under Chapter 5 of the Bankruptcy Code, debts, liabilities, or controversies of any kind whatsoever, whether at law or in equity, whether before a local, state or federal court or state or federal administrative agency or commission, arbitration administrator, or any venue outside of the United States, and whether now known or unknown, matured or unmatured, liquidated or unliquidated, arising on or prior to the date of this Agreement, including claims specifically related to the Copier Agreement, the 90 Day Payments, the 758 Claim or the 1137 Claim, that

the Debtors, the Liquidating Trust or the Liquidating Trustee now have or may have had, or thereafter claims to have on behalf of each of them respectively, or any other person or entity, including without limitation the Debtors and their respective estates.

7. This Stipulation shall not be construed as an admission by any of the Parties of fault, liability, or any acts of wrongdoing, or the violation of any international, federal, state, or local law, ordinance or regulation, nor shall it be considered as evidence of any such alleged fault, liability, wrongdoing, or violation of any international, federal, state or local law, ordinance or regulation. The Parties each completely deny any fault, wrongdoing or liability, and affirm that their reason for entering into this Stipulation was to avoid the cost and inconvenience of further litigation.

8. Each Party shall bear all attorneys' fees and costs incurred by such Party in connection with the Adversary Proceeding and this Stipulation.

9. This Stipulation shall be governed, in all respects, by the laws of the State of New York, irrespective of its choice of law rules.

10. Each of the Parties hereby expressly represents and warrants that it has the requisite power, authority, and legal capacity to enter into and execute this Stipulation and to bind the Parties. The Liquidating Trustee represents and warrants that, except for the transfer of claims from the Debtors to the Liquidating Trust under the Plan, neither the Debtors nor the Liquidating Trust has sold, transferred or assigned any of the claims or causes of action of the Debtors, the Liquidating Trustee or the Liquidating Trust against Canon.

11. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter herein. All representations, warranties, inducements, and/or statements of intention made by the Parties are embodied in this Stipulation, and no party hereto relied upon,

shall be bound by, or shall be liable for any alleged representation, warranty, inducement, or statement of intention that is not expressly set forth in this Stipulation.

12. No modification, amendment or waiver of any of the terms or provisions of this Stipulation shall bind any Party hereto unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced.

13. This Stipulation may be executed in any number of counterparts, and all such counterparts, taken together, shall be deemed to constitute one and the same instrument.

14. The Parties acknowledge that this Stipulation is the joint work product of all of Parties, and that, accordingly, in the event of ambiguities in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

15. The Parties agree that any and all disputes arising out of or otherwise relating to this Stipulation shall be brought in the Bankruptcy Court.

16. This Stipulation shall be binding on the Parties from the date of its execution.

17. This Stipulation may be executed in multiple counterparts and transmitted via facsimile, with the facsimile signature treated as an original signature, and any and all of which shall be construed as and enforceable as the Stipulation. The effective date of this Stipulation shall be the date of its execution by the last of the Parties.

| By: | /s/ Basil A. Umari | By: | /s/ Paul Rubin |
|---|---|---|---|
| | Basil A. Umari | | Paul Rubin |

| MCKOOL SMITH P.C. | HERRICK, FEINSTEIN LLP |
|---|---|
| *Attorneys for Liquidating Trustee* | *Attorney for Canon Business Solutions, Inc.* |

IT IS SO ORDERED.

Dated: New York, New York
      ***March 21***, 2011           ***s/ Robert E. Gerber***
                                          HONORABLE ROBERT E. GERBER
                                          UNITED STATES BANKRUPTCY JUDGE